UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAGNIAPPE LIGHTING, LLC d/b/a FRENCH QUARTER LANTERNS | * | **CIVIL ACTION NO.:**  07-1094 |
| | * | **JUDGE:  BARBIER** |
| VERSUS | | |
| | * | **MAGISTRATE: KNOWLES** |
| CAROLINA LANTERNS & ACCESSORIES, INC. | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

**INTRODUCTION**

As stated in Defendant's motion, Plaintiff used delay tactics to engage in an unfair race to the courthouse and filed this action for declaratory relief as a forum-shopping maneuver in anticipation of litigation.  In light of Plaintiff's attempt to forum-shop and Defendant's infringement action presently pending in the District of South Carolina, which addresses all of

1

Defendant's allegations concerning Plaintiff's activities, this Court should dismiss this case or alternatively transfer it to the U.S. District Court for the District of South Carolina.

**FACTS**

Carolina Lanterns & Accessories, Inc. ("Carolina Lanterns") is the owner of U.S. Trademark Registration No. 3,016,904 for CAROLINA LANTERNS GAS & ELECTRIC LIGHTS and design in association with on-line and retail store services featuring lanterns, chandeliers and light fixtures. Carolina Lanterns is also the owner of U.S. Trademark Application, Serial No. 76/658,938 for CAROLINA LANTERNS in association with on-line and retail store services featuring lanterns, chandeliers and light fixtures. Carolina Lanterns has been using these marks to identify the source of its lanterns, lights and chandeliers since at least as early as 2000. However, through its predecessor in interest, Carolina Lanterns is entitled to claim use of the mark CAROLINA LANTERNS in commerce since at least as early as 1992.

By way of a letter dated December 19, 2006, Carolina Lanterns demanded that Plaintiff discontinue its use of CAROLINA LANTERNS to identity the source of the lanterns it markets, promotes or otherwise distributes. Exhibit "A." The letter required Plaintiff to provide assurances of its intention to comply with the demands on or before January 16, 2007 and informed Plaintiff that failure to comply would result in a lawsuit. *Id*. On or about January 16, 2007, Plaintiff contacted Carolina Lanterns to request additional time in which to respond so that it could investigate Carolina Lanterns' claims of infringement. On January 22, 2007, Carolina Lanterns granted Plaintiff two weeks to respond to the allegations of trademark infringement. Exhibit "B."

After failing to receive Plaintiff's response, Carolina Lanterns contacted Plaintiff on February 23, 2007, demanding a response on or before March 2, 2007. Exhibit "C." Carolina

Lanterns also warned Plaintiff that depending on the nature and promptness of its reply, it may be necessary to institute a lawsuit to protect Carolina Lanterns' intellectual property.  *Id.*

On February 23, 2007, the same day on which Plaintiff received Carolina Lanterns' letter, Plaintiff filed this declaratory judgment action.  Plaintiff **never** informed Carolina Lanterns of its intention to continue its infringing activities.  Plaintiff knew that if informed of Plaintiff's intentions, Carolina Lanterns would immediately institute a lawsuit for trademark infringement in the District of South Carolina.  Knowing this, Plaintiff attempted to delay Carolina Lantern's efforts so that any necessary litigation would occur in Plaintiff's choice of forum rather than Defendant's.

Three days after filing the instant action, Plaintiff contacted Defendant on February 26, 2007, not to inform plaintiff that it had filed a declaratory judgment action, but instead to request that Defendant "state with specificity the basis of your claim..."  Exhibit "D."  The first time Plaintiff notified Defendant of Plaintiff's declaratory judgment action was when it attempted to serve Defendant on March 15, 2007.  Notably Plaintiff's first attempted to serve Defendant with the instant action approximately three weeks after Plaintiff's declaratory action was filed and three days after Defendant filed the infringement action that is presently pending in the District of South Carolina.

A simple review of the timeline of events below reveals Plaintiff's attempt to strip Defendant of its right to choose the forum by engaging in forum-shopping.

> 12/19/06 – Defendant sends Plaintiff a cease and desist letter demanding that Plaintiff cease its infringing activities and threatens litigation for failure to comply.  Exhibit "A."
>
> 01/16/07 – Plaintiff requests additional time in which to investigate Defendant's allegations of infringement.  Exhibit "B."

3

01/22/07 -  Defendant grants Plaintiff's request for additional time in which to respond as a matter of professional courtesy.  Exhibit "B."

02/23/07 -  Defendant contacts Plaintiff to inform Plaintiff that if it does not provide written assurances that it will cease its infringing activities by March 2, 2007, Defendant will be forced to file a lawsuit;  Exhibit "C."

02/23/07 – Plaintiff files the instant action requesting that the Court declare that Plaintiff's actions do not infringe Defendant's statutory trademark rights. Plaintiff does not serve Defendant with the action and fails to respond to Defendant's demand.  See Complaint.

02/26/07 – Plaintiff contacts Defendant, requesting additional information regarding Defendant's allegations of infringement.  Exhibit "D."

03/12/07 – Defendant files a lawsuit in the District of South Carolina alleging that Plaintiff's activities constitute false designation of origin and common-law unfair competition, a violation of South Carolina Unfair Trade Practices Act, common-law interference with prospective economic relations, and common-law injury to business reputation.  Exhibit "E."[1]

03/15/07 – Plaintiff makes first attempt to serve Defendant with this declaratory action.

03/16/07 – Plaintiff successfully serves Defendant with the instant action.  See Summons.

03/16/07 – Defendant serves Plaintiff with an infringement action filed in the District of South Carolina.

## ANALYSIS

Because the instant action is nothing more than a forum-shopping maneuver, this Court should dismiss this case or alternatively transfer it to the District Court for the District of South Carolina.  As another Court in this district has recognized, "actions for infringement take precedence over declaratory judgment actions, even where later filed, based on the policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights."  *Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 U.S. Dist LEXIS 5065, *10 (E.D. La. 2001)(copy attached as Exhibit "F").  A district court is not required to

---

[1] The Exhibits to Defendant's Complaint have not been attached.  However, upon the request of this Court or Plaintiff, Defendant will make these Exhibits available.

provide declaratory relief but instead has discretion to decline to hear a declaratory judgment action. *Id*. at *8. While Plaintiff's declaratory action may be the first action filed, this Court has recognized that "[a] complaint filed in anticipation of a subsequent suit brought by the defendant to the first action can avoid the operation of the first filed rule, when it appears the earlier filing was merely a forum-shopping maneuver." *Florida Marine Transporters, Inc. v. Lawson & Lawson Towing Co., Inc.*, 2001 U.S. Dist. LEXIS 14312, *9 (E.D. La. 2001)(copy attached as Exhibit "F").

In determining whether to decide a declaratory judgment action in light of another federal action that addresses the same matter, a court must consider: (1) whether there is a pending action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum-shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists; (5) parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. *Sports Innovations, Inc.*, 2001 U.S. Dist LEXIS 5065 at *8-9. Balancing the above factors weighs in favor of dismissal since there is another forum that can address all of Carolina Lanterns' claims for infringement and the action pending before this Court is nothing more than an attempt to forum-shop in anticipation of litigation.

Turning now to the above factors, the first factor clearly weighs in favor of dismissal. Unlike the instant action, the action pending in the District of South Carolina addresses all of Carolina Lanterns' claims for infringement. The South Carolina district court action alleges false designation of origin and unfair competition and involves Carolina Lanterns' common-law trademark rights as well as its statutory rights stemming from Defendant's trademark

5

registration.  Plaintiff's declaratory judgment action, however, only addresses Plaintiff's potential liability for infringing Carolina Lanterns' statutory trademark rights and fails to address Plaintiff's alleged infringement of Carolina Lanterns' common-law trademark rights stemming from Carolina Lanterns' use of the mark CAROLINA LANTERNS to identify its goods and services, as well as Carolina Lanterns' federal trademark application that is pending before the U.S. Trademark Office.  Therefore, as pled, Plaintiff's declaratory judgment action fails to address the core issues raised by Defendant's allegations, making the action pending in the District of South Carolina the more encompassing and appropriate means for providing the parties a complete adjudication of the parties' rights and entitlement to relief.

The second factor, whether Plaintiff engaged in forum-shopping, also weighs heavily in favor of dismissal.  Plaintiff filed this action in anticipation of the South Carolina action to secure its home state as the forum for the resulting litigation.  "Anticipatory suits are disfavored because they are an aspect of forum-shopping." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983), n3.  "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *Id.* (quoting *American Automobile Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir. 1939)).  As in *Mission Ins. Co.*, Plaintiff requested, and was granted, an extension of time in which to investigate Carolina Lanterns' claims.  After failing to hear from Plaintiff on the agreed upon response date, Defendant contacted Plaintiff in a last ditch effort to resolve this matter amicably and avoid the need for litigation.  Defendant gave Plaintiff express notice that Plaintiff had one week to discontinued its infringing activities or that a lawsuit would be necessary to protect Defendant's rights.  Exhibit "C."  Instead of informing Defendant of its intention to continue its infringing activities, Plaintiff filed the instant lawsuit.

Moreover, Plaintiff did not serve Defendant with a lawsuit but instead kept the Complaint in its back pocket so as to pre-empt any attempt by Defendant to be the first to file a lawsuit. Three days after filing the instant Complaint, Plaintiff contacted Defendant, not to inform Defendant of the declaratory judgment action, but instead to conduct a fishing expedition by requesting that Defendant "state with specificity the basis of your claim." Exhibit "D." In fact, Plaintiff's first attempt to serve Defendant with the declaratory action came three days after Defendant filed an infringement action in the District of South Carolina. Presumably, Plaintiff was actively monitoring federal court filings to ensure that service of the declaratory judgment action on the Defendant occurred before Defendant had a chance to serve Plaintiff with the South Carolina action.

Again, as in *Mission Ins. Co.*, Plaintiff's delay tactics were successfully designed to delay Defendant's filing of suit in another forum. But for Plaintiff's delay tactics, Defendant would have been the first to file a lawsuit based on Plaintiff's infringing activities. Exhibit "G" (Declaration of Jan Clouse). Based on facts substantially similar to those present here, the Fifth Circuit held that these types of delay tactics are sufficient by themselves to support a finding of anticipatory filing and, thus, dismissal of the case in light of the later filed action. *Mission Ins. Co.*, 706 F.2d at 602.

Given the circumstances leading up to the filing of Plaintiff's declaratory judgment, it seems that Plaintiff filed the action as a forum-shopping maneuver to ensure that any necessary litigation would occur in its home state. In its rush to the courthouse, Plaintiff failed to address the issues raised by Plaintiff's allegations or the Complaint filed in the District of South Carolina. As stated above, Plaintiff's declaratory judgment action is limited to Defendant's

7

federal statutory trademark rights and does not make any reference to Defendant's common-law trademark rights or allege that Plaintiff's actions do not infringe those common-law rights.

The civil action pending in the District of South Carolina, however, encompasses all of the issues presented by Defendant's allegations for infringement of both Defendant's common-law and statutory trademark rights by alleging causes of action for (1) false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a); (2) violation of the South Carolina Unfair Trade Practices Act pursuant to S.C. Code Ann. 39-5-20 et seq.; (3) common-law interference with prospective economic relations; and (4) common-law injury to business reputation. Therefore, Plaintiff's declaratory judgment action does not go to the core of the dispute between the parties. The declaratory action's omission of Defendant's common-law trademark rights evidences that (1) Plaintiff engaged in an unfair race to the court house; (2) Defendant's South Carolina action for infringement is better suited to address Defendant's rights and/or entitlement to relief; and (3) Plaintiff is attempting to select specific claims that it would like for the Court to adjudicate instead of presenting the Court with all of the issues raised by Defendant's allegations.

While both the Fifth Circuit and the Eastern District of Louisiana have found that facts showing that the declaratory judgment was filed in anticipation of litigation or in an attempt to forum-shop is sufficient to dismiss the case, the remainder of the factors also weigh in favor of dismissing the instant action. *Mission Ins. Co.* 706 F.2d at 602 *(5th Cir. 1983); Pacific Employers Ins. Co. v. M/V Capt W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985); and *Sports Innovations, Inc.*, 2001 U.S. Dist. LEXIS 5065 at *11.

With respect to the fourth factor, Defendant will be prejudiced if Plaintiff is allowed to gain precedence in time and forum. Defendant is not a nation-wide business and is not well

equipped to litigate in forums such as this one.  Defendant is a small corporation organized and existing under the laws of South Carolina.  Defendant would suffer undue hardship if it were stripped of the right to its choice of forum.  As the aggrieved party, Defendant should not be forced to incur the additional costs involved in litigating this matter in the Eastern District of Louisiana when the effect of Plaintiff's infringement is occurring in the District of South Carolina.  As previously shown, "a party whose rights are being infringed should have the privilege of electing where to enforce its rights."  *Sports Innovations, Inc.*, 2001 U.S. Dist. LEXIS 5065 at *10.  Therefore, this factor favors a dismissal of this case.

With respect to the fifth and sixth factors, there is no question that the U.S. District Court for the District of South Carolina would be an appropriate forum to litigate this matter and that its adjudication of the action pending before it would best serve judicial economy.  Unlike the action pending before this Court, the South Carolina action addresses all of Defendant's allegations regarding Plaintiff's infringing activities.  As filed, Plaintiff's declaratory judgment action merely alleges that its actions do not infringe Defendant's statutory trademark rights but fails to address Defendant's common-law rights.  As stated above, however, Defendant's claims for infringement are based on Defendant's common-law trademark rights, not its statutory rights.

## CONCLUSION

Because Plaintiff used bad-faith delay tactics to strip Defendant of the right to its choice of forum and the action pending in South Carolina addresses all of Defendant's allegations, Defendant respectfully moves this Court to dismiss this case.  Alternatively, Defendant respectfully moves this court to transfer this case to the District of South Carolina so that it may be consolidated with the action presently pending in that District.

9

Respectfully submitted:

Adams and Reese LLP

*/s/* Joseph Looney
John M. Duck (#5104)
Joseph Looney, T.A. (#8773)
Maurice C. Ruffin (#28747)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:   (504) 566-0210


and

Hunter S. Freeman
Douglas W. Kim
Bernie Ellis
McNair Law Firm, P.A.
Bank of America Plaza
7 N. Laurens Street, Suite 600
Greenville, South Carolina 29601
Telephone: (864) 271-4940
Telephone: (864) 271-4015

**ATTORNEYS FOR CAROLINA LANTERNS & ACCESSORIES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the electronic filing to counsel for all parties to this proceeding.

>
> */s/* Joseph Looney
> Joseph Looney
> La. Bar No. 8773
> Attorney for Defendant
> ADAMS AND REESE LLP
> 4500 One Shell Square
> New Orleans, LA  70139
> Phone: (504) 581-3234
> Fax:    (504) 566-0210
> E-Mail:  joseph.looney@arlaw.com