## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAGNIAPPE LIGHTING, LLC d/b/a FRENCH QUARTER LANTERNS | * | CIVIL ACTION NO.:  07-1094 |
| | * | JUDGE:  BARBIER |
| VERSUS | | |
| | * | MAGISTRATE: KNOWLES |
| CAROLINA LANTERNS & ACCESSORIES, INC. | * | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

### INTRODUCTION

Plaintiff's Opposition and the undisputed facts remove any doubt whether the instant action is merely a forum-shopping maneuver.  Plaintiff admits that it filed this action in anticipation of Defendant's infringement action and, in its discussion of the transfer factors, admits that its intent was to secure a more favorable forum.  In its Opposition, Plaintiff makes no attempt to demonstrate how its complaint satisfies the factors for determining whether this declaratory judgment action is proper, nor does Plaintiff distinguish the Fifth Circuit and Eastern District of Louisiana cases dismissing similar actions with facts nearly identical to those present here.  Instead, Plaintiff merely attempts to muddy the waters with a premature and incorrect discussion of the merits of Defendant's claim and an unrelated lawsuit in which Defendant is involved.

The fact remains that in this case, the Defendant, Carolina Lanterns, is the aggrieved party seeking a vindication of its rights and therefore is entitled to its choice of forum.  Plaintiff does not dispute that in filing this lawsuit, it engaged in forum-shopping to strip Defendant of that choice.  Plaintiff does not discuss the anticipatory nature of this lawsuit or refute the fact that it engaged in forum-shopping. In fact, Plaintiff does not cite or discuss a single case relevant to

the motion to dismiss. Its failure to address these issues requires a judgment of dismissal. Otherwise, this lawsuit would compel an aggrieved party to litigate its claims in a forum chosen by the alleged tortfeasor, thus causing "a perversion of the Declaratory Judgment Act." *Ruth's Chris Steak House Franchise, Inc. v. Marsha Brown*, 1996 U.S. Dist. LEXIS 1143, *10 (E.D.La. 1996)(citations omitted)(attached as Exhibit "A").

### I. Under Precedent of the Fifth Circuit and this District, Anticipatory Actions For Declaratory Relief Should be Dismissed Because They Evidence Forum-Shopping

Plaintiff does not dispute that it filed the instant action only after receiving notification that Defendant intended to file a lawsuit if an amicable resolution could not be reached. Plaintiff admits that it filed the instant action only after realizing an overt "threat of imminent litigation." *Opposition Memo*, Page 3. Plaintiff does not deny that instead of responding to Defendant's demands as it promised to do, it filed this preemptive action.

Plaintiff waited to serve Defendant until approximately three weeks after this action was filed; only three days after Defendant filed its infringement action. Thus, it is clear that the purpose of Plaintiff's action was not a speedy resolution as claimed. If what Plaintiff really sought was a swift resolution to this dispute, it would not have withheld service, waiting to see if Defendant filed an infringement action. Notably, Carolina Lanterns served French Quarter with the South Carolina infringement action <u>on the same day</u> that Carolina Lanterns was served with this action despite the 18-day interval between the filing of the two actions. Further, Defendant had made it clear to Plaintiff that Defendant was prepared to litigate this matter and file a lawsuit if Plaintiff did not comply with Defendant's demands <u>within one week</u> of Defendant's letter. In fact, Plaintiff does not deny that its tactics were designed simply to induce Defendant to delay filing its infringement action first, which Defendant would have otherwise done. Thus, it is clear that Plaintiff filed the instant action to strip Defendant of its choice of forum - not to ensure a

speedy resolution.

It is undisputed that the infringement action pending in the District of South Carolina is more encompassing than the instant action and addresses Carolina Lanterns' common-law trademark rights, which are separate and distinct from its statutory rights and go unmentioned in Plaintiff's declaratory judgment action.  The South Carolina infringement action also addresses the deceptive nature of Plaintiff's actions and whether they constitute common-law unfair competition, a violation of the South Carolina Unfair Trade Practices Act, common-law interference with prospective economic relations, and common-law injury to Carolina Lanterns' business reputation.  Plaintiff's action fails to mention any of these claims. Even if this Court decides to hear Plaintiff's declaratory judgment action, the Court would not be able to address nearly all of the issues necessary to resolve the dispute between the parties because Plaintiff has failed to request declaratory relief on the vast majority of Defendant's claims.

**II.  If Not Dismissed, this Case Should be Transferred to the District of South Carolina**

Even if this Court determines that dismissal not warranted, it should transfer this case to the District of South Carolina for consolidation with Defendant's infringement action.  Plaintiff's analysis under 28 U.S.C.§1404(a) is flawed.[1]   First, Plaintiff's Opposition assumes that this action is properly before the Court.  However, as stated above, this Court has the discretion to dismiss this case as an anticipatory forum-shopping maneuver. This Court should only determine whether a transfer is proper if the Court determines that dismissal is not warranted under the factors for determining when dismissal of a declaratory action is proper.[2]

---

[1] Defendant's motion contests venue.  Thus, 28 U.S.C.§1406 is arguably the correct standard for evaluating whether to transfer this case.  Section 1406 is invoked where a case is filed in the wrong venue and it requires a court to dismiss the case unless a transfer would best serve justice. Section 1404, however, allows a court to transfer a case that was filed in a proper venue based solely on the grounds that another venue would be more convenient.  For purposes of this motion, Defendant will apply Section 1404 to show that a transfer is proper under either section.
[2] These factors were set forth by the U.S. Supreme Court in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and adopted by the Fifth Circuit and this District in *Travelers*

3

Plaintiff's transfer analysis is further flawed in that by labeling itself as the "plaintiff," French Quarter misleadingly characterizes itself as the aggrieved party, when in fact this declaratory judgment action reverses the roles of the parties. French Quarter, not Carolina Lanterns, is the tortfeasor here. Therefore, it is Carolina Lanterns' choice of forum, not French Quarter's, that should be accorded the "substantial weight" that Plaintiff argues for in its Opposition. *Opposition Memo*, page 4. With respect to the first and second transfer factors, this Court has noted that the fact Plaintiff was "the first to file warrants only slight consideration because it appears the suit was filed with the intention of preempting another plaintiff's choice of venue." *Fla. Marine Transporters, Inc. v. Lawson & Lawson Towing Co., Inc.*, 2001 U.S. Dist. LEXIS 14312, *14 (E.D.La. 2001).

As Plaintiff notes, when determining whether a transfer is proper, the convenience of the witnesses, most importantly the non-party witnesses, is often regarded as the most decisive factor. *Opposition Memo*, Page 8. Of the witnesses that are expected to be called to trial, the only witnesses whose testimony is likely to be admissible are residents of South Carolina. Copper Lighting Company, Inc, from whom Defendant acquired some of the rights to be adjudicated, is located in Columbia, South Carolina. Additionally, a substantial number of the consumers who have contacted Defendant to express their confusion as to the source of the parties' goods are located in South Carolina. Copper Lighting Company, Inc. and these confused consumers are key witnesses. In order to avoid inconveniencing and alienating its customers, Defendant cannot require them to travel to Louisiana to testify. Thus, if this case is not transferred to the District of South Carolina, these witnesses will effectively be unavailable for trial. While Plaintiff cites Legacy Lanterns as a Louisiana based witness, Plaintiff utterly fails to

---

*Ins. Co. v. La. Farm Bureau Fed.*, 996 F.2d 774, 778 (5th Cir. 1993), and *Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 U.S. Dist LEXIS 5065, *10 (E.D. La. 2001).

demonstrate how Legacy Lanterns' testimony would be relevant to a determination as to whether Plaintiff's use of CAROLINA LANTERNS is likely to cause confusion, and thus its argument that one of the witnesses is resident in Louisiana falls flat.  Therefore, it is clear that it will be more convenient for the witnesses with admissible testimony to litigate this matter in South Carolina. The interest of justice demands that this case be tried in the District of South Carolina.  Otherwise, Plaintiff's forum-shopping maneuver will prevent Defendant from presenting all of the evidence necessary to prove its case-in-chief against Plaintiff.

Further, Defendant's claim for infringement should be deemed to have arisen in South Carolina.  Substantially all of the consumers that Defendant knows with certainty have been confused by Plaintiff's unauthorized use of Defendant's mark are located in South Carolina.  It is a well established legal principal that torts, which include trademark infringement, are deemed to have arisen in the location where the effects are felt, regardless of where the tortious acts occurred. *Calder v. Jones*, 465 U.S. 783 (1984).  While the effects of Plaintiff's infringement are not limited to South Carolina, the confusion is largely occurring in South Carolina and the effects of such confusion are certainly being felt in that District.

The remainder of the private interests are neutral. Neither party is well equipped to litigate in foreign forums, and each party's books and documents are located in its resident District.

With respect to the public factors, only two of the five factors are relevant; the remainder are neutral.  Because the witnesses are located in South Carolina, litigating this case in that District would make the trial more efficient and less expensive.  Additionally, South Carolina has a greater interest in adjudicating this matter as the claim arose there and the aggrieved party resides there.

Because both forums are federal, each court has jurisdiction to issue orders binding on either party and each will be familiar with the federal law of its respective circuit. Further, no evidence has been presented that either forum would be more or less congested. While Plaintiff cites the fact that there are more judges in this District, its analysis fails to discuss the relative populations of the two Districts and their relative case loads.

Balancing these factors weighs in favor of transferring this case to the District of South Carolina. However, the Court need not decide whether a transfer is proper since the fact that this action was filed in anticipation of litigation in an attempt to forum-shop compels dismissal under the clear precedent of the Fifth Circuit and this District. Defendant respectfully submits that this case should therefore be dismissed, or alternatively transferred to the District of South Carolina.

Respectfully submitted:

**Adams and Reese LLP**

*/s/* Joseph Looney
John M. Duck (#5104)
Joseph Looney, T.A. (#8773)
Maurice C. Ruffin (#28747)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:   (504) 566-0210

and

Hunter S. Freeman
Douglas W. Kim
Bernie Ellis
McNair Law Firm, P.A.
Bank of America Plaza
7 N. Laurens Street, Suite 600
Greenville, South Carolina 29601
Telephone: (864) 271-4940
Telephone: (864) 271-4015
**ATTORNEYS FOR CAROLINA LANTERNS & ACCESSORIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the electronic filing to counsel for all parties to this proceeding.

>
> */s/* Joseph Looney
> Joseph Looney
> 4500 One Shell Square
> New Orleans, LA  70139
> Telephone:  (504) 581-3234
> Facsimile:   (504) 566-0210
> E-Mail:  joseph.looney@arlaw.com