```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


LAGNIAPPE LIGHTING, LLC                           CIVIL ACTION
d/b/a FRENCH QUARTER
LANTERNS

VERSUS                                            NO. 07-1094

CAROLINA LANTERNS &                               SECTION "J" (3)
ACCESSORIES, INC.
```

### ORDER AND REASONS

Before the Court is the **Motion to Dismiss or in the Alternative to Transfer (Rec. Doc. 5),** filed by Defendant. Plaintiff opposes the motion, which was set for hearing on April 4, 2007, without oral argument.  For the reasons that follow, the Court finds that this motion should be granted, and this matter should be dismissed.

### Background Facts and Procedural History

Defendant Carolina Lanterns & Accessories, Inc. ("Carolina Lanterns") owns two trademarks relating to on-line and retail store services featuring lanterns, chandeliers and light fixtures. On December 19, 2006, Carolina Lanterns sent a letter to Plaintiff Lagniappe Lighting d/b/a French Quarter Lanterns

("Lagniappe Lighting") demanding that it discontinue its use of Carolina Lanterns to identity the source of the lanterns it markets, promotes, and distributes. (See Exhibit A to motion). The letter required Lagniappe Lighting to provide assurances of its intention to comply with the demands on or before January 16, 2007.  The letter also informed Lagniappe Lighting that failure to comply would result in a lawsuit. On or around January 16, 2007, Lagniappe Lighting contacted Carolina Lanterns to request additional time to respond so that it could investigate Carolina Lanterns' claims of infringement.  Carolina Lanterns granted Lagniappe Lighting the requested extension.  Carolina Lanterns received no response, so on February 23, 2007, it contacted Lagniappe Lighting and demanded a response on or before March 2, 2007.  It also warned Lagniappe Lighting that depending on the nature and promptness of its reply, a lawsuit would potentially be filed to protect its intellectual property.

Instead of responding to this letter. Lagniappe Lighting filed a declaratory judgment action in this court on February 23, 2007 (Rec. Doc. 1).  Three days after filing the instant action, on February 26, 2007, Lagniappe Lighting contacted Carolina Lanterns to request that Carolina Lanterns "state with specificity the basis of your claim..." Notably, Lagniappe Lighting did not inform Carolina Lanterns that it had filed a

declaratory judgment action.  Instead, it waited three weeks to make its first attempt at serving Carolina Lanterns and did so only three days after Carolina Lanterns filed the infringement action that is presently pending in the District of South Carolina.

**The Parties' Arguments**

Carolina Lanterns claims that this declaratory judgment action is nothing  more than a forum-shopping maneuver, and should be dismissed, or in the alternative, transferred to the District Court for the District of South Carolina. Carolina Lanterns claims that balancing the factors set forth in Sports Innovations, Inc. v. Specialized Bicycle Components, Inc., 2001 U.S. Dist LEXIS 5065, *10 (E.D. La. 2001) weigh in favor of dismissal of the declaratory judgment action because there is another forum (District of South Carolina) that can address all of Carolina Lanterns' claims for infringement.  Carolina Lanterns notes that the action pending in the District of South Carolina addresses all of its claims for infringement - whereas Lagniappe Lighting's declaratory judgment action only addresses Lagniappe Lighting's potential liability for infringing Carolina Lanterns' statutory trademark rights.

Next, Carolina Lanterns claims that Lagniappe Lighting engaged in forum-shopping because it filed this action in

3

anticipation of the South Carolina action to secure its home state as the forum for the resulting litigation.  Carolina Lanterns notes that Lagniappe Lighting requested, and was granted, an extension of time in which to investigate Carolina Lanterns' claims.  It was after Carolina Lanterns gave Lagniappe Lighting express notice that it had one week to discontinue its infringing activities or that a lawsuit would be necessary to protect Carolina Lantern's rights, that Lagniappe Lighting filed suit.  Carolina Lanterns also notes that Lagniappe Lighting did not immediately serve Carolina Lanterns with the lawsuit. Instead, Carolina Lanterns claims that Lagniappe Lighting kept the Complaint in its back pocket so as to pre-empt any attempt by Carolina Lanterns to be the first to serve a lawsuit.  Carolina Lanterns claims that but for Lagniappe Lighting's delay tactics, Carolina Lanterns  would have been the first to file a lawsuit based on Lagniappe Lighting's infringing activities.

   Also, Carolina Lanterns claims that it will be prejudiced if Lagniappe Lighting is allowed to proceed with this suit here because Carolina Lanterns is not a nation-wide business and is not well equipped to litigate in forums such as this one. Carolina Lanterns explains that it is a small corporation organized and existing under the laws of South Carolina, and it would suffer undue hardship if required to litigate here.

4

In opposition, Lagniappe Lighting explains that in light of the threatening letters sent by Carolina Lantern's attorney, it had the right to request adjudication of the dispute over the alleged service mark rights that Carolina Lanterns has. Lagniappe Lighting contends that answering a lawsuit in Louisiana, where Carolina Lanterns alleges the acts of infringement occurred, would not pose a unique or unusual burden on Carolina Lanterns. Lagniappe Lighting claims that its offices are only in Louisiana, and its records and its witnesses are all located in Louisiana. Lagniappe Lighting points out that this lawsuit was the first-filed lawsuit, and was served first. Lagniappe contends that the South Carolina lawsuit was the second to be filed, and is based on assumptions and allegations that Carolina Lanterns "will hardly be able to prove." (Opposition, p. 5). Thus, Lagniappe Lighting claims that transferring this case to South Carolina will not serve the interests of justice.

Lagniappe Lighting notes that Carolina Lanterns has not contested that venue and personal jurisdiction are proper in the Eastern District of Louisiana.  It claims that because its choice of forum is its home forum, the choice should be given the great deference.  Lagniappe Lighting also claims that because it was threatened with litigation in this district , interests of justice require that this action should remain here.  Lagniappe

5

Lighting further submits that its books and records are located in Louisiana; its advertising is designed in Louisiana, and its sales force, and all potential witnesses, are located in Louisiana.  Lagniappe Lighting claims that because the Eastern District has two more active judges and three more senior judges than the District of South Carolina, this district is more likely equipped to bring this matter to trial quickly.

In reply, Carolina Lantern notes that Lagniappe Lighting admitted that it filed this action in anticipation of Carolina Lantern's infringement action and, admits that its intent was to secure a more favorable forum.  Carolina Lantern also notes that Lagniappe Lighting does not dispute that the infringement action pending in the District of South Carolina is more encompassing than the instant action.  Further, Carolina Lanterns claims that the infringement at issue in this matter should be deemed to have arisen in South Carolina because substantially all of the consumers that Carolina Lantern knows have been confused by Lagniappe Lighting's alleged unauthorized use of the mark are located in South Carolina.  Thus, Carolina Lantern admits that while the effects of Lagniappe Lighting's infringement are not limited to South Carolina, the confusion is largely occurring in South Carolina and the effects of such confusion are being felt in that district.  Thus, Carolina Lanterns claims that the matter

should be transferred if and only if the Court determines that this action should not be dismissed based on the assertion that this action was filed in anticipation of litigation in an attempt to forum-shop.

**Discussion**

Generally, the Fifth Circuit adheres to the "first-to-file" rule requiring dismissal or transfer of a subsequent action in favor of an action filed first in another venue and addressing the same subject matter, in order to avoid duplicative litigation in federal district courts. Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947 (5th Cir. 1997).  However, in certain compelling circumstances, the first action to be filed may be dismissed rather than the second one to be filed. British Borneo Exploration, Inc., et al. v. Enserch Exploration, Inc., 28 F.Supp.2d 999, 1007 (E.D.La. 1998) (vacated, 1999 WL 58285 (E.D.La. Feb. 1, 1999))(quoting Johnson Bros. Corp. v. International Brotherhood of Painters, 861 F.Supp. 28, 29 (M.D.La.1994). The court in which the first action was filed determines which of the two cases should proceed. Save Power, 121 F.3d at 950.  Here, this Court is called upon to determine whether the instant declaratory judgment action, which was filed first, should proceed or not.

Under the Declaratory Judgment Act, a federal district court

"may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S.Ct. 2137, 2142 (1995).  Courts have utilized a non-exclusive list of factors to determine whether to entertain a declaratory judgment action. These factors include: (1) whether there is a pending court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit ... would serve the purposes of judicial economy.  Travelers Ins. Co., v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5 Cir.1993) (citations omitted).

    Considering these factors in the context of this case demonstrates that this case should be dismissed in favor of the District of South Carolina action.  Concerning the first factor,

8

the suit filed in South Carolina comprises nearly identical subject matter as the instant suit and includes other claims as well. It is undisputed that the infringement action pending in the District of South Carolina addresses Carolina Lanterns' common-law trademark rights, which are separate and distinct from its statutory rights and go unmentioned in Lagniappe Lighting's declaratory judgment action. The South Carolina infringement action also addresses the deceptive nature of Lagniappe Lighting's actions and whether they constitute common-law unfair competition, a violation of the South Carolina Unfair Trade Practices Act, common-law interference with prospective economic relations, and common-law injury to Carolina Lanterns' business reputation.

With respect to the second, third, and fourth factors, from the facts before the Court, it is clear that the instant suit was filed as a preemptive strike in anticipation of a suit being filed by Carolina Lanterns. The record in this case reveals that at the time this declaratory judgment action was filed, the parties were in the process of trying to resolve the matter without litigation. In fact, Lagniappe Lighting requested, and was granted, an extension of time in which to investigate Carolina Lanterns' claims.  It was after Carolina Lanterns gave Lagniappe Lighting express notice that it had one week to

discontinue its infringing activities or that a lawsuit would be necessary to protect Carolina Lantern's rights, that Lagniappe Lighting filed its preemptive strike in this Court.  Based on this and other facts in the record, the Court concludes that the filing of this action was motivated by Lagniappe Lighting's desire to win a "race to the courthouse," and constitutes a misuse of the Declaratory Judgment Act.  See, Mission Ins. Co. v. Puritan Fashions, Corp., 706 F.2d 599, 602 (5th Cir. 1983); Excel Music, Inc. v. Simone, 1996 WL 5708, *6 (E.D.La., Jan. 5, 1996). The "misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action." Great American Ins. Co. v. Houston General Ins. Co., 735 F.Supp. 581, 586 (S.D.N.Y. 1990).

Thus, the Court finds that the instant case presents "compelling circumstances" (i.e.,  the misuse of the Declaratory Judgment Act to gain a procedural advantage), which require a deviation from the usual "first-to-file" rule.  Thus, this Court declines jurisdiction over this declaratory judgment action. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss or in the Alternative to Transfer (Rec. Doc. 5)** should be and hereby is **GRANTED**.  Plaintiff suit against Defendant is hereby **DISMISSED**,

**without prejudice.**

New Orleans, Louisiana, this 17th day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE